**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| FIINA N. SHIGWEDHA | CIVIL ACTION NO. 26-2430 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## <u>MEMORANDUM RULING</u>

Fiina N. Shigwedha ("Shigwedha"), a Namibian citizen, is almost six months pregnant with twins and sits detained in a U.S. Immigration and Customs Enforcement ("ICE") facility. Nothing has shown that Shigwedha presents a national security threat or a danger to others, and the government has produced no evidence that Shigwedha and her unborn children are receiving any sort of medical treatment. The government also cannot explain whether ICE has reviewed its initial decision to detain her. Not surprisingly, Shigwedha moved for a temporary restraining order, Record Document 3, arguing that her detention violated ICE Directive 11032.4 and the *Accardi* doctrine. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). For the following reasons, the Court grants her motion and orders her release.

ICE Directive 11032.4 ("Directive") states that ICE should generally refrain from detaining "individuals known to be pregnant, postpartum, or nursing unless release is prohibited by law or exceptional circumstances exist." *See* https://www.ice.gov/doclib/detention/11032.4_IdentificationMonitoringPregnantPost partumNursingIndividuals.pdf [https://perma.cc/A6MM-VY7R] (last visited July 31, 2026). Under the Directive, detention is appropriate only in "exceptional

circumstances." *Id* Exceptional circumstances to detain a pregnant woman require that "(1) the individual poses national security concerns; or (2) the individual poses an imminent risk of death, violence, or physical harm to any individual." *Id.* And even in the limited circumstances where detention of a pregnant woman is necessary, ICE must continue monitoring her health and well-being and conduct "regular custody and medical reevaluations." *Id.* ICE must evaluate her continued detention "at least weekly." *Id.*

Regulations like the Directive are binding on agencies, including ICE. Under the *Accardi* doctrine, agencies must abide by their own regulations or internal procedures. *See Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Federal courts can set aside agency actions when they do not comply with their own directives. At least twice, judges in this district have determined that ICE violated the *Accardi* doctrine in detaining a pregnant or nursing mother. *See, e.g.*, *de Leon v. Ladwig*, No. 25-1884, 2026 WL 19095 (W.D. La. Jan. 2, 2026); *San Juan v. Mullin*, No. 26-1795, 2026 WL 1962582, at *1 (W.D. La. July 7, 2026).

In this case, the government has admitted that Shigwedha is pregnant with twins and therefore falls under the Directive. Record Document 10 at 3. The government has made no attempt to show that she is a national security threat or otherwise presents an imminent risk of death, violence, or physical harm to any person. *See generally id.* The government also provided no information about the procedures it used to review her detention or even whether such a review has occurred at all. *See, e.g.*, *id.* ("[T]he review remained pending.").

Because of this conclusory response, the undersigned ordered the government to give a status report on its review of Shigwedha's detention in seven days, that is, no later than July 30, 2026. Record Document 12. The government still did not comply. At 6:00 pm on July 30, 2026, the government asked for an additional seven-day extension and provided no justification for its failure to comply with the Court's order other than that it was still "awaiting receipt of information from the Department of Homeland Security ("DHS") to provide the status update." Record Document 14 at 1. The lack of a response from the government and DHS about its procedures for caring for and detaining Shigwedha makes finding anything other than a violation of the Directive impossible.

The Court finds that Shigwedha is entitled to a temporary restraining order, preliminary injunction, and release. Injunctive relief requires that the movant show (1) a substantial likelihood that she will prevail on the merits, (2) a substantial threat that she will suffer irreparable injury, (3) that her injury outweighs any harm to the other party, and (4) that an injunction would not disserve the public interest. *City of El Cenizo, Tex. v. Tex.*, 890 F.3d 164, 177 (5th Cir. 2018). The final two elements, difference in harm and public interest, merge when the government is a party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Shigwedha made this showing.

First, as just explained, Shigwedha will prevail on the merits because ICE has violated the *Accardi* doctrine and not followed the requirements of ICE Directive 11032.4. The government offered no evidence that ICE reviewed its decision to detain Shigwedha, a pregnant woman, much less that ICE conducted "regular" reviews of the decision. Furthermore, the government produced nothing that shows Shigwedha

3

is a national security threat or a danger to others. Without more, Shigwedha will prevail on her habeas petition.

Second, Shigwedha not only faces but already suffers irreparable injury. Again, despite a court order to "provide details about [Shigwedha's] medical conditions, evaluations, and treatment[,]" Record Document 8, the government provided no records of Shigwedha's medical treatment while in ICE custody. Shigwedha has already experienced "physical decline" from her lack of treatment, including "weight loss, exhaustion, and iron deficiency." Record Document 3-1 at 7. Shigwedha has satisfied the second element.

The final two elements also support Shigwedha's claim for injunctive relief. Although the government has an interest in enforcement of the nation's immigration laws, the irreparable harm Shigwedha could suffer from continued detention—death of herself or her unborn children—far outweigh that interest. Also, requiring that ICE follow its own internal procedures when detaining pregnant women furthers the public interest.

For these reasons, Shigwedha is entitled to injunctive relief and release from detention.

**DONE AND SIGNED** at Shreveport, Louisiana, this 31st day of July, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

4