**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **FIINA N. SHIGWEDHA** | **CASE NO. 3:26-CV-02430 SEC P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a VERIFIED PETITION FOR WRIT OF HABEAS CORPUS under 28 U.S.C. § 2241 [Doc. 1] filed by Petitioner Fiina N. Shigwedha ("Shigwedha"), an immigration detainee at the Richwood Correctional Center in Monroe, Louisiana. In her Petition, Shigwedha challenges the legality of her detention. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

At the time she filed her Petition, Petitioner, a Namibian citizen, was almost six months pregnant with twins. Along with her Petition for habeas relief, the Petitioner moved for a temporary restraining order, arguing that her detention violated ICE Directive 11032.4 and the *Accardi* doctrine. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). (Doc. 3). On July 31, 2026, noting that nothing had shown that Shigwedha presented a national security threat or a danger to others and finding that the government had neither produced evidence that Shigwedha and her unborn children were receiving any sort of medical treatment nor explained whether ICE had reviewed its initial decision to detain her, the Court granted injunctive relief and ordered that the Petitioner be released. (Doc. 18). On August 5, 2026, the government confirmed that the Petitioner was released from ICE custody. (Doc. 20).

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam), *citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Id.* at 257, *citing Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *see also Kokoski v. Fox*, 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event ... causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'"), *quoting Dailey v. Vought* Aircraft Co., 141 F.3d 224, 227 (5th Cir. 1998). *See also Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24- CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (asccord). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978), *citing North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974).

Here, Petitioner challenged the lawfulness of her continued detention. Because Petitioner has been released from custody and is no longer detained, the Court cannot grant the relief she requested. Therefore, the § 2241 petition is moot and should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus should be DENIED WITHOUT PREJUDICE and DISMISSED because the Petitioner's claims are MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 22nd day of October, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE